**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lee Ronald STEVENSON, Defendant—
Appellant.**

**No. 09–6401.**

United States Court of Appeals,
Fourth Circuit.

Submitted: July 23, 2009.

Decided: July 29, 2009.

Lee Ronald Stevenson, Appellant Pro Se. Robert Hugh McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Ronald Stevenson seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp.2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). We have independently reviewed the record and conclude that Stevenson has not made the requisite showing.* Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* Stevenson's claim that his attorney was ineffective in failing to challenge the validity of the predicate state conviction underlying his federal conviction was neither procedurally barred nor procedurally defaulted, but we conclude that it is without merit.